UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATONYA R. FINLEY,**<br>Plaintiff,<br>v.<br>**CAPITAL ONE, ET AL.,**<br>Defendants. | Case No. 16-cv-01392-YGR<br><br>**ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 65 |

Plaintiff LaTonya R. Finley brings the instant action against defendant Capital One Bank (USA), N.A.[1] Plaintiff's first count is based upon the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*[2] Plaintiff alleges generally that Capital One, as a furnisher of information to credit reporting agencies ("CRAs"), refused to correct "inaccurate, incomplete[,] or unverifiable information." (Dkt. No. 1, "Complaint," ¶ 18.) Plaintiff also contends that Capital One "failed to conduct a proper . . . reinvestigation." (*Id.* ¶ 36.) Plaintiff's second through fourth counts are based on state-law claims of invasion of privacy and negligence.

Capital One now moves for judgment on the pleadings. Having carefully considered the papers and for the reasons discussed below, the Court concludes that plaintiff has failed to state a claim under the FCRA. The Court further holds that plaintiff's state law claims are preempted by the FCRA. Accordingly, the Court **GRANTS** Capital One's motion for judgment on the pleadings. Plaintiff's state law claims are therefore **DISMISSED WITH PREJUDICE**. Plaintiff's FCRA claim,

---

[1] In her complaint, plaintiff also asserts claims against Equifax, TransUnion LLC, and Experian Information Solutions, Inc. However, plaintiff has since reached settlement agreements with each of those three defendants.

[2] 15 U.S.C. § 1681s-2(b) is the FCRA's only section that allows for a private right of action against furnishers. *See Giovanni v. Bank of Am., Nat. Ass'n*, No. C 12-02530 LB, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17, 2013).

however, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may re-file her complaint if she can satisfy the FCRA's pleading requirements as outlined herein.

## I. FACTUAL ALLEGATIONS

Plaintiff's claims arise from alleged violations of the FCRA and state law, which purportedly undermined plaintiff's "credit worthiness, credit standing, credit capacity character[,] and general reputation." Plaintiff avers that prior to November 2014, she spent time contacting "the credit bureau and . . . creditors" to "remove[] the inaccurate information" from her credit file. (Complaint ¶¶ 9–11.) By November 2014, plaintiff's credit scores among the three CRAs—Equifax, Transunion, and Experian—were 612, 606, and 635, respectively. (*Id.* ¶ 11.) But within one year, plaintiff's credit scores dropped between 500 and 593, despite "no new purchases, no lates [*sic*] and [a] recently paid off vehicle." (*Id.* ¶ 12.) Plaintiff also claims that "her file was imported with another debtor with a similar name, her daughter LaToya R. Finley." (*Id.* ¶ 14.) This is the extent of the substantive factual allegations.

With respect to plaintiff's FCRA claim, plaintiff states that she notified the CRAs "of a dispute[] on . . . [her] Capital One account's completeness and/or accuracy . . . ." (*Id.* ¶ 33.) Additionally, plaintiff asserts that Capital One "refuse[d] to correct inaccurate, incomplete[,] or unverifiable information."[3] (*Id.* ¶ 18.) Plaintiff alleges further that Capital One has "taken illegal . . . actions . . . to collect the alleged debt against [p]laintiff" and has "failed to properly investigate the account in response to the disputes made by [p]laintiff." (*Id.* ¶¶ 20–21, 36.) Finally, plaintiff contends that Capitol One acted "maliciously, willfully, recklessly, wantonly[,] and/or negligently . . . ." (*Id.* ¶¶ 23, 37.)

Plaintiff also brings three separate state-law claims, namely invasion of privacy; negligent, wanton, and/or intentional hiring and supervision of incompetent employees; and negligent, wanton, and intentional conduct. First, plaintiff asserts that Capitol One "interfered . . . with the . . . private . . . affairs of the [p]laintiff . . . by repeatedly and unlawfully attempting to collect a debt

---

[3] Plaintiff's claims against Equifax, Transunion, and Experian are not repeated here, as they are no longer parties to this action.

and/or" falsely reporting plaintiff's credit. (*Id.* ¶ 42.) Second, plaintiff contends that Capital One knowingly permitted incompetent employees to engage in false credit reporting. (*Id.* ¶¶ 50–53.) Finally, plaintiff claims that Capital One breached the duty of care it owed to plaintiff. (*Id.* ¶¶ 55–67.)

**II. LEGAL STANDARD**

The standard applied to a Rule 12(c) motion for judgment on the pleadings is "substantially identical" to the standard applied to a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "[U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)). "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Brooks*, 2011 WL 614912 at *3. Judgment on the pleadings is appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

If a motion for judgment on the pleadings is granted, a "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). Still, leave to amend is not automatic and is instead "within the Court's discretion." *Guidiville Rancheria of California v. United States*, No. 12-CV-1326 YGR, 2014 WL 3749227, at *3 (N.D. Cal. July 24, 2014) (citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013)). "As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile." *Kelly Moore Paint Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 14-CV-01797-MEJ, 2014 WL 2119996, at *3 (N.D. Cal. May 21, 2014) (citing *Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008)).

///
///

**III. DISCUSSION**

**A. Plaintiff Fails to State a Claim Under the FCRA**

Capital One asserts that plaintiff fails to state a claim under the FCRA. To state such a claim against a "furnisher"—*i.e.*, Capital One—a plaintiff must plead, with enough facts, that (1) the furnisher provided inaccurate information to a CRA; (2) a CRA notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information.[4] *Hernandez v. Wells Fargo Home Mortg.*, No. 2:14-CV-1500 JCM VCF, 2015 WL 1204985, at *2 (D. Nev. Mar. 16, 2015) (citing *Middleton v. Plus Four, Inc.*, No. 2:13-CV-01421-GMN-GW, 2014 WL 910351, at *3 (D. Nev. Mar. 7, 2014)); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154–61 (9th Cir. 2009). Finally, a plaintiff must allege facts that show that the defendant furnisher acted either willfully or negligently. *See Gorman*, 584 F.3d at 1154. The Court addresses each of the four requirements below.

*1. Furnisher Must Provide Inaccurate Information to CRA*

First, to state a claim against a furnisher under section 1681s-2(b) of the FCRA, a plaintiff must allege that an "actual inaccuracy exists" on her credit report. *Keller v. Experian Info. Sols., Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *5 (N.D. Cal. Jan. 13, 2017) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). "Thus, even if a furnisher . . . fails to conduct a reasonable investigation . . . , if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail." *Id.* (internal quotation marks omitted).

Here, the complaint does not identify what inaccurate information Capital One furnished to the CRAs Equifax, TransUnion, and Experian. Plaintiff simply states that she notified the CRAs about disputes concerning her Capital One account's "completeness and/or accuracy." Plaintiff also asserts that Capital One "refuse[d] to correct inaccurate, incomplete[,] or unverifiable

---

[4] A furnisher may also be held liable for failing to report the results of its investigation or for failing to report and correct any information that the investigation determines is inaccurate. *See* 15 U.S.C. §§ 1681s-2(1)(C)–(E). However, here, plaintiff's claim appears to rest solely upon an allegedly inadequate investigation. Thus, the Court does not address any other theories of liability.

4

information." This is not enough. While plaintiff's opposition provides more detail, the Court's ruling must rest on the allegations in the complaint itself. Once alleged, the Court can evaluate the sufficiency of the allegations and a material dispute of fact may preclude dismissal. Thus, plaintiff must allege the inaccurate information which Capital One provided to a CRA.

### 2. *CRA Must Notify Furnisher of the Dispute*

Second, a plaintiff must allege facts indicating that the CRA notified the furnisher of the dispute over the inaccurate information. *See* 15 U.S.C. § 1681s-2. Under section 1681s-2, a furnisher's responsibilities are not triggered unless the furnisher receives "notice . . . of a dispute with regard to the completeness or accuracy of any information provided by [the furnisher] to a [CRA] . . . ." *Id.*

Here, plaintiff does not allege that any of the three CRAs notified Capital One of plaintiff's dispute. In fact, plaintiff alleges the CRAs themselves "failed to follow reasonable procedure" (Complaint ¶ 16) and has since settled with them. Whether this element can be alleged remains uncertain.

### 3. *Furnisher Must Fail to Conduct a Reasonable Investigation*

Third, a plaintiff must allege that the furnisher failed to conduct a reasonable investigation *after* being notified of the alleged inaccuracy by a CRA. *See Gorman*, 584 F.3d at 1156 (holding that a furnisher's investigation pursuant to section 1681s-2(b)(1)(A) may not be unreasonable). Furthermore, a plaintiff must allege that the furnisher's investigation was indeed unreasonable. *See, e.g.*, *Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016) ("Plaintiff's conclusory allegation that [the furnisher] 'failed to conduct a reasonable [investigation]' is insufficient to plausibly allege that [the furnisher] conducted an unreasonable investigation in violation of the FCRA.").

Here, plaintiff simply alleges that "Capital One . . . failed to conduct a proper and lawful reinvestigation." Again, this is not enough. Unless plaintiff can plead that the investigation, if any, followed notification by a CRA, this element cannot be satisfied. Further, plaintiff must allege why the investigation, if any, was unreasonable. An investigation is not unreasonable simply because its conclusion is unfavorable to the consumer, "even if that conclusion turns out to be

1 inaccurate." *Gorman*, 584 F.3d at 1161.

### 4. *Furnisher Must Act Willfully or Negligently*

Fourth, a plaintiff must allege facts for the claim that the furnisher acted willfully or negligently with respect to any purported FCRA violation. *Id.* at 1154 ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements.").

Here, plaintiff's bald allegations that "[a]ll actions taken by. . . Capital One . . . were done willfully" is not enough. Plaintiff must assert facts that demonstrate willfulness, or in the alternative, negligence.

For the foregoing reasons, plaintiff's complaint fails to state a claim under the FCRA. The motion is **GRANTED** on these grounds with leave to amend.

## B. Plaintiff's State Law Claims are Preempted by the FCRA

Capital One also contends that the FCRA preempts plaintiff's state law claims. Though the Ninth Circuit has not squarely addressed the issue, the majority of district courts in this Circuit have found such claims preempted. The Court finds those cases persuasive and accordingly holds that plaintiff's state law claims are preempted here.

The FCRA contains two preemption provisions that restrict state law claims against furnishers. The first preemption provision, 15 U.S.C. § 1681h(e), is older and more specific than the second. Section 1681h(e) states:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681h(e) "only preempts state claims for defamation, invasion of privacy[,] and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897–98 (C.D. Cal. 2008) (quoting *Weseman v. Wells Fargo Home Mortg., Inc.*, No. CV 06-1338 ST, 2008 WL 542961, at *2 (D. Or. Feb. 22, 2008)).

The FCRA's later-enacted and more general preemption provision is 15 U.S.C. § 1681t(b)(1)(F). Section 1681t(b)(1)(F) states, "no requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."[5]

Sections 1681h(e) and 1681t(b)(1)(F) arguably conflict. Section 1681t(b)(1)(F) "appears to preempt all state law claims based on a creditor's responsibilities under [section] 1681s-2." *Gorman*, 584 F.3d at 1166. However, section 1681h(e) "suggests that defamation[, invasion of privacy, and negligence] claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Id.* (recognizing the tension between, but not reconciling, sections 1681h(e) and 1681t(b)(1)(F)). Despite this apparent conflict, the majority view in the Ninth Circuit is that section 1681t(b)(1)(F) totally preempts all state statutory and common law causes of action that fall within the conduct proscribed under section 1681s-2. *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 986 (N.D. Cal. 2014) (citing *Buraye*, 625 F. Supp. 2d at 899). This interpretation of section 1681t(b)(1)(F) "does not, as some courts contend, render [section] 1681h(e) superfluous." *El-Aheidab v. Citibank (S. Dakota), N.A.*, No. C-11-5359 EMC, 2012 WL 506473, at *8 (N.D. Cal. Feb. 15, 2012). "Section 1681h(e) applies to a range of conduct covered by the act that is not specifically preempted by [section] 1681t(b)." *Id.* Indeed, section 1681t serves primarily as an anti-preemption statute with listed exceptions to the anti-preemption default rule. *Id.* Section 1681t(b)(1)(F) is one such exception, preempting state claims against furnishers for violation of section 1681s-2. *Id.* Aside from its enumerated exceptions, section 1681t(b) "leaves other provisions of the [FCRA] untouched, and such provisions are still subject to [section] 1681h(e)'s more limited preemption clause." *Id.*

---

[5] Section 1681t(b)(1)(F) explicitly exempts two state laws from preemption, namely section 54A(a) of chapter 93 of the Massachusetts Annotated Laws and section 1785.25(a) of the California Civil Code. *See* 15 U.S.C. §§ 1681t(b)(1)(F)(i), 1681t(b)(1)(F)(ii). Neither applies or is invoked here.

7

Here, plaintiff asserts three claims grounded in state law—one claim for invasion of privacy and two negligence-based claims.[6] Though plaintiff's state-law claims lack any substantial factual support, it appears those claims rely on the same facts as plaintiff's FCRA claim. Furthermore, with respect to Capital One, plaintiff's FCRA claim is necessarily limited to section 15 U.S.C. § 1681s-2(b), which provides the sole basis for a private right of action against furnishers of credit information.

Therefore, because plaintiff's state-law claims arise out of the same factual circumstances as her FCRA claim, her state-law claims are preempted pursuant to 15 U.S.C. § 1681t(b)(1)(F).

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Capital One's motion for judgment on the pleadings. Plaintiff's state law claims are therefore **DISMISSED WITH PREJUDICE**. Plaintiff's FCRA claim, however, is **DISMISSED WITHOUT PREJUDICE**. Thus, plaintiff may file an amended complaint within twenty-one (21) days of this Order but only as to Count One. If not filed, the case will be dismissed with prejudice. If filed, Capital One shall have fourteen (14) days thereafter to file a response.

This Order terminates Docket Number 65.

**IT IS SO ORDERED.**

Dated: April 14, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[6] Counts three and four in plaintiff's complaint are titled, respectively, "negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents" and "negligent, wanton, and intentional conduct." Plaintiff's claims, however, sound in negligence and are addressed by the Court as such.