UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATONYA R. FINLEY,**<br>Plaintiff,<br>v.<br>**CAPITAL ONE, ET AL.,**<br>Defendants. | Case No. 16-cv-01392-YGR<br>**ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION TO DISMISS**<br>Re: Dkt. Nos. 87, 89 |

Plaintiff LaTonya R. Finley brings this action against defendant Capital One Bank (USA), N.A. ("Capitol One").[1] Plaintiff filed her initial complaint on September 22, 2016. (Dkt. No. 1.) Capitol One moved for judgment on the pleadings on December 23, 2016, (Dkt. No. 65), and the Court granted defendant's motion on April 14, 2017. (Dkt. No. 85, "Order Granting MJOP".) The Court dismissed with prejudice plaintiff's state law claims but granted plaintiff leave to amend her claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*[2] In granting plaintiff leave to amend, the Court specifically instructed plaintiff that to state a claim under the FCRA plaintiff must allege "what inaccurate information Capital One furnished" to a credit reporting agency ("CRA"), "facts indicating that the CRA notified [Capitol One] of the dispute over the inaccurate information", and "why [Capitol One's] investigation of the [alleged inaccurate information] was unreasonable." (*Id.* ¶¶ 3–5.)

Plaintiff filed a three-page amended complaint on April 26, 2017, alleging one count under

---

[1] In her initial complaint, plaintiff also asserted claims against Equifax, TransUnion LLC, and Experian Information Solutions, Inc. Plaintiff has since reached settlements and dismissed each. (Dkt. Nos. 47, 57 and 83.)

[2] 15 U.S.C. § 1681s-2(b) is the FCRA's only section that allows for a private right of action against furnishers. *See Giovanni v. Bank of Am., Nat. Ass'n*, No. C 12-02530 LB, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17, 2013).

the FCRA. (Dkt. No. 86, First Amended Complaint ("FAC").) Plaintiff alleges generally that Capital One, as a furnisher of information to CRAs, reported "derogatory information about plaintiff." (*Id.* ¶ 5.) Plaintiff also contends that Capital One "failed to conduct an investigation of plaintiff [sic] written dispute and provide the results of an investigation to plaintiff within the 30 days period as required by 15 U.S.C. § 1681s-2." (*Id.* ¶ 10.)

Capital One now moves to dismiss the FAC. (Dkt. No. 87.) Plaintiff filed her opposition brief on May 30, 2017.[3] (Dkt. No. 88.) Capitol One filed its reply brief on June 2, 2017.[4] (Dkt. No. 90.) Having carefully considered the papers and for the reasons discussed below, the Court concludes that plaintiff has failed to state a claim under the FCRA. Accordingly, the Court **GRANTS** Capital One's motion to dismiss. Because plaintiff was previously provided with specific guidance on what was required to state a claim under the FCRA and could not so plead, the Court finds that further amendment would be futile and a waste of judicial and party resources. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (holding that a district court does not

---

[3] Plaintiff has submitted documents for judicial notice in connection with her opposition to defendant's motion to dismiss. (Dkt. No. 89.) These documents include credit card statements, receipts, a car rental agreement, and a letter from plaintiff to defendant challenging reporting on plaintiff's account. Defendant argues that the judicial notice of these documents is inappropriate pursuant to Federal Rule of Evidence 201 because the documents (i) are not "generally known within the trial court's territorial jurisdiction" and (ii) cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Dkt. No. 91.) Defendants further argue that one of the documents at issue "appears to be fabricated." (*Id*. at 1.) The Court finds that the documents at issue do not satisfy Rule 201. The documents at issue are not facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Therefore, plaintiff's request for judicial notice is **DENIED**.

[4] Defendant also requests that the Court strike plaintiff's opposition brief as untimely on the grounds that the opposition was allegedly filed on May 30, 2017, five days after plaintiff's opposition was due pursuant to Local Rule 7-3(a). The Court declines. Plaintiff is *pro se* and not authorized to file on the Court's electronic case filing system. Plaintiff's opposition brief is dated May 24, 2017, one day *before* the opposition was due. However, the filing was not stamped until six days later. The Court notes there is some ambiguity as to when the opposition was actually mailed, as the original envelope is unavailable. Because the Court is granting defendant's motion to dismiss with prejudice, defendant's request to strike plaintiff's opposition as untimely is **DENIED**. The Court will thus consider plaintiff's opposition and address below the argument made therein.

err in denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal). Therefore plaintiff's FAC is **DISMISSED WITH PREJUDICE**.

## I. FACTUAL ALLEGATIONS

Plaintiff's claim arises from alleged violations of the FCRA. In her three-page amended complaint, plaintiff avers that Capitol One reported "derogatory information about plaintiff" and "furnished false or misleading representations . . ." to one or more CRAs. (FAC ¶ 5.) Finley further alleges that she "disputed the inaccuracy of the derogatory information."[5] (*Id*. ¶ 6.) Finally, plaintiff avers that defendant "failed to complete an investigation" of plaintiff's written dispute. (*Id.* ¶ 10.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## III. DISCUSSION

Capital One asserts that plaintiff fails to state a claim under the FCRA. To state such a claim against a "furnisher"—*i.e.*, Capital One—a plaintiff must plead, with enough facts, that (1) the furnisher provided inaccurate information to a CRA; (2) a CRA notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation into the accuracy of the

---

[5] Plaintiff instructs the Court to "[s]ee attachment" regarding this allegation, but her pleading apparently includes no such attachment. Regardless, for the purposes of this motion to dismiss, the Court accepts as true plaintiff's allegation that plaintiff notified Capitol One that she disputed in writing the inaccuracy of the allegedly derogatory information.

3

disputed information. *Hernandez v. Wells Fargo Home Mortg.*, No. 2:14-CV-1500 JCM VCF, 2015 WL 1204985, at *2 (D. Nev. Mar. 16, 2015) (citing *Middleton v. Plus Four, Inc.*, No. 2:13-CV-01421-GMN-GW, 2014 WL 910351, at *3 (D. Nev. Mar. 7, 2014)); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154–61 (9th Cir. 2009). Finally, a plaintiff must allege facts that show that the defendant furnisher acted either willfully or negligently. *See Gorman*, 584 F.3d at 1154. The Court addresses each of the four requirements below.[6]

### *1. Furnisher Must Provide Inaccurate Information to CRA*

First, to state a claim against a furnisher under section 1681s-2(b) of the FCRA, a plaintiff must allege that an "actual inaccuracy exists" on her credit report. *Keller v. Experian Info. Sols., Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *5 (N.D. Cal. Jan. 13, 2017) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). "Thus, even if a furnisher . . . fails to conduct a reasonable investigation . . . . if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail." *Id.* (internal quotation marks omitted).

Here, the FAC does not identify what inaccurate information Capital One furnished to the CRAs Equifax, TransUnion, and Experian. Plaintiff simply alleges that Capitol One reported "derogatory information" including "false or misleading representations of debt." (FAC ¶¶ 5, 11.) This is not sufficient. As the Court stated in its Order Granting MJOP, plaintiff must allege the inaccurate information which Capital One provided to a CRA. Finley has not done so, and for that reason alone defendant's motion to dismiss is **GRANTED**. However, the Court proceeds to discuss the other deficiencies of the FAC with regard to the remaining elements of the FCRA.

//

---

[6] Plaintiff relies on Federal Rule of Civil Procedure 8(a) to argue that "these or any other missing ingredients are [not], in fact, required in the plaintiff's compliant." Fed. R. Civ. P. 8(a) (stating that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief). Plaintiff does not persuade. As discussed below, Finley's complaint wholly fails to alleged sufficient facts to "show[]that [Finley] is entitled to relief," *Id.*, let alone "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

## 2. CRA Must Notify Furnisher of the Dispute

The second element of a claim under the FCRA requires plaintiff to allege facts indicating that the CRA notified the furnisher of the dispute over the inaccurate information. *See* 15 U.S.C. § 1681s-2. Under section 1681s-2, a furnisher's responsibilities are not triggered unless the furnisher receives "notice . . . of a dispute with regard to the completeness or accuracy of any information provided by [the furnisher] to a [CRA] . . . ." (*Id.*)

Here, plaintiff does not allege that any CRAs notified Capital One of plaintiff's dispute. To the contrary, Finley alleges that *she* notified Capitol One of the dispute." (FAC ¶ 7.) This is not sufficient.

## 3. Furnisher Must Fail to Conduct a Reasonable Investigation

Third, a plaintiff must allege that the furnisher failed to conduct a reasonable investigation *after* being notified of the alleged inaccuracy by a CRA. *See Gorman*, 584 F.3d at 1156 (holding that a furnisher's investigation pursuant to section 1681s-2(b)(1)(A) may not be unreasonable). Furthermore, a plaintiff must allege that the furnisher's investigation was indeed unreasonable. *See, e.g.*, *Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016) ("Plaintiff's conclusory allegation that [the furnisher] 'failed to conduct a reasonable [investigation]' is insufficient to plausibly allege that [the furnisher] conducted an unreasonable investigation in violation of the FCRA . . . .").

Here, plaintiff simply alleges that "Capital One . . . failed to complete an investigation" of plaintiff's dispute. Again, this is not enough because plaintiff fails to plead that the investigation followed notification by a CRA. Further, plaintiff must allege why the investigation was unreasonable. Similarly, plaintiff's bare allegation that it did not provide the results of the investigation within 30 days is not sufficient. An investigation is not unreasonable simply because its conclusion is unfavorable to the consumer, "even if that conclusion turns out to be inaccurate." *Gorman*, 584 F.3d at 1161. The Court finds that plaintiff has not alleged any grounds supporting an inference that the investigation was unreasonable. Plaintiff has therefore not alleged this element.

//

*4. Furnisher Must Act Willfully or Negligently*

Fourth, a plaintiff must allege facts supporting a plausible inference that the furnisher acted willfully or negligently with respect to any purported FCRA violation. *Id.* at 1154 ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements."). Here, plaintiff does not allege any facts that give rise to a plausible inference that Capitol One acted willfully or negligently. Therefore the claim fails for this reason as well.

For the foregoing reasons, plaintiff fails to state a claim under the FCRA. Defendant's motion is **GRANTED** on these grounds.

**IV. CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Capital One's motion to dismiss. Plaintiff's claims are therefore **DISMISSED WITH PREJUDICE**.

This Order terminates Docket Nos. 87 and 89. As all other defendants have been dismissed, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 7, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**